UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN GPISD-NG DOE, by R.N. and D.N., as nbf <br>     Plaintiff, | § § § § § | |
| v. | § § | Civil Action No. 2:20-CV-00076 |
| GREGORY-PORTLAND INDEPENDENT SCHOOL DISTRICT <br>     Defendant. | § § § § § | |

**PLAINTIFFS' PROPOSED TOPICS AND QUESTIONS FOR EXAMINATION OF PROSPECTIVE JURORS**

Plaintiff **JOHN GPISD-NG DOE, by R.N. and D.N., as nbf** submit the following proposed voir dire questions:

1. This is a suit for discrimination and violations of the rights of a child with disabilities. The general facts alleged by the parties in this case are that the Plaintiffs' son attended Gregory-Portland Junior High in the Gregory-Portland Independent School District.  This child has disabilities.  His disabilities caused him to have behavior problems in school.  Because of those behavior problems the child's teachers and other school employees would restrain him.  Because of those behavior problems the child's school would call his mother to come pick him up from school.  Because of those behavior problems a school employee was filling out a form about the child being restrained and called him stupid.  Do any of you know anything about the facts of this case through either personal knowledge or the media?

2. Do you understand that this is a civil case? This means that it is a civil dispute rather than a criminal prosecution.

3. Do you understand that the burden of proof in a civil case is different from that in a criminal case?  This means that the party that must prove something to you, as jurors, must do so by a preponderance of the evidence, not beyond a reasonable doubt.

4. Do you understand that the role of the jury is to be the "judge" of the disputed facts in the case? This means each juror must listen to the evidence admitted in court and decide the relative value of that evidence in resolving the questions that will be presented to the jury at the conclusion of the evidence.

5. Do you understand that the parties are entitled to prove facts by circumstantial evidence? This means, for example, that testimony by a witness who observed a wet umbrella at the front door of

1

a home may be sufficient to prove that it was raining outside, even though there is no testimony that anyone looked or went outside to see whether it was raining.

6. Litigants are entitled to have their case heard by a jury that is fair and impartial. Do you understand that being a fair and impartial juror means that a person does not have special feelings or special knowledge about an issue in the case or about the case itself that prevents the person from treating both sides of the dispute equally before hearing any evidence? For example, someone who lost a child in an accident involving a drunk driver might have difficulty being a fair and impartial juror in a case involving an automobile collision in which one party alleged the other was intoxicated.

7. Do you understand that the jury-selection process is the sole opportunity that the litigants will have to learn if you have had experiences or have feelings or knowledge that may influence how you view the evidence in this case?

8. Are you acquainted with the plaintiffs in this case?

9. Are you acquainted with the defendant in this case?

10. Do you recognize any of the attorneys who are here?

11. The attorneys in this case are Mr. Craig Wood and Ms. Katie Payne for the Defendant, and myself, George Shake, for the Plaintiffs. Have you, anyone close to you, or any member of your family (including your spouse, children, stepchildren, parents, brothers, sisters, brothers-in-law, sisters-in-law, or parents-in-law) ever been represented by any of these attorneys?

12. The following are potential witnesses in this case:

    (a)    Plaintiff, D.N.

And the following District employees:

    (b)    Gloria Jeanne Dornack

    (c)    Alcario Gabriel Alvarado

    (d)    Police Officer Tom Laughlin – who worked at the school

    (e)    Virginia Lindsay

    (f)    Chris Kasner

    (g)    Rosemary Vaseliades

    (h)    Leslie Garcia

    (i)    Eusebio Munoz

    (j)    Leticia Reyes

    (k)    Jacquelyn (Traci) Young

    (l)    Tina Ybarra

Do you know, or do you think you know, any of these people?

13. Do you know anyone else on the jury panel?

14. Have you, any of your relatives, or anyone close to you ever worked for or been employed by Gregory-Portland Independent School District?

15. Have you, any of your relatives, or anyone close to you ever studied law?

16. Do any of you have a spouse who is a lawyer or who has studied law?

17. Have you, any of your relatives, or anyone close to you ever been employed as a claims investigator, adjuster, or handler for an insurance company?

18. Have you, any of your relatives, or anyone close to you ever been employed as a police officer, sheriff, constable, or other law-enforcement officer?

19. Have you ever served in the armed forces?

20. Have you ever been a witness at a trial, civil or criminal?

21. Have you ever been a juror in a trial, civil or criminal?

22. If yes, were you the presiding juror?

23. If you were a juror in a civil trial, did the jury reach a verdict?

24. Has any relative or anyone close to you ever been involved as a plaintiff, defendant, or witness in a civil case or ever attended court for any reason?

25. If yes, is that civil case still pending?

26. Based on what you have heard about the facts of this case, was the civil case involving your relative or a person close to you similar in any way to this case?

27. Was there anything about the civil case involving your relative or a person close to you that you believe could affect your ability to be a fair and impartial juror in this case?

28. Have you ever been a defendant in a suit brought for damages?

29. If yes, is that case still pending?

30. Based on what you have heard about the facts of this case, is the civil case in which you are or were a defendant similar in any way to this case?

31. Is there anything about the civil case in which you are or were a defendant that you believe could affect your ability to be a fair and impartial juror in this case?

32. Have you ever been a plaintiff in a suit?

33. If yes, is that case still pending?

34. Based on what you have heard about the facts of this case, is the civil case in which you are or were a plaintiff similar in any way to this case?

35. Is there anything about the civil case in which you are or were a plaintiff that you believe could affect your ability to be a fair and impartial juror in this case?

36. Have you read any advertisements, articles, or editorials concerning lawsuits or jury awards?

37. Are you a member of any organization that pertains to the justice system or reform or modification of the justice system?

38. This case is expected to last one week . Do you have any confirmed vacation plans or other family matters that would conflict with jury service?

39. Do you have any disability or condition that would interfere with your serving as a juror in this case?

41. Would you be paid by your employer during jury service?

42. Have you heard anything during this jury-selection process that causes you concern about your ability to be a fair and impartial juror in this case?

43. Is there any matter that you would like to discuss privately that bears on your ability to serve as a juror in this case?

SUBMITTED:

    January 4, 2024
    Date

*George Shake*
George H. Shake
State Bar No. 24077524
Federal Bar No. 3684307

**DUFFEE+EITZEN, LLP**
4311 Oak Lawn Avenue, Suite 600

Dallas, Texas 75219
Telephone: (214) 416-9010
Facsimile: (214) 416-9005
Email: george@d-claw.com

**ATTORNEY FOR PLAINTIFF**

_____    _____
Date

D. Craig Wood
State Bar No. 21888700
Federal ID No. 979301
Email: cwood@wabsa.com
Katie E. Payne
Email: kpayne@wabsa.com
State Bar No. 24071347
Federal ID No. 1786856

**WALSH GALLEGOS TREVIÑO KYLE & ROBINSON P.C.**
1020 NE Loop 410, Suite 450
San Antonio, Texas 78209
Telephone: (210) 979-6633
Facsimile: (210) 979-7024

**ATTORNEYS FOR DEFENDANT**